UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR PERALES, on behalf of himself
and those similarly situated,

         Plaintiff,

vs.                         Case No. 2:09-cv-669-FtM-29DNF

SCHEAR CORPORATION, a Florida
corporation, JEFFERY G. WALLS,
individually,

         Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendant Schear Corporation's Affirmative Defenses (Doc. #16) and Motion to Strike Defendant Jeffery G. Walls' Affirmative Defenses (Doc. #24). Defendant Schear Corporation (Schear) filed a Memorandum of Law in Opposition (Doc. #18) on January 11, 2010, and defendant Jeffery G. Walls (Walls) filed a Memorandum of Law in Opposition (Doc. #28) on February 22, 2010.

Affirmative defenses included in an answer are a pleading which must provide "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A pleader must, however, plead enough facts to state a plausible basis for the claim. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-6 (2007). "An affirmative defense is generally a defense

that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Under Fed. R. Civ. P. 12(f), "the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff seeks to strike the First, Second, Fifth, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses, as well as the claim for attorney's fees contained in defendant Schear's Affirmative Defenses (Doc. #15, pp. 6-8) and defendant Walls' Affirmative Defenses (Doc. #20, pp. 6-8).

**First Affirmative Defense:**

The first defense states that the Amended Complaint fails to state a claim. Failure to state a claim upon which relief may be granted is an affirmative defense recognized in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6). Nonetheless, there are no facts provided on which that Court can determine a plausible basis for this defense. Accordingly, the motion to strike will be granted as to the first defense, without prejudice to amend to comply with Fed. R. Civ. P. 8.

**Second Affirmative Defense:**

The second defense states that the case cannot be maintained as a collective action because plaintiff and the purported class

are not similarly situated.  This is a plausible defense.  Although the plaintiffs must each individually consent to participate, plaintiff will have to show that the employees are "similarly situated" first in the two-step process for conditional certification.  See <u>Hipp v. Liberty Nat'l Life Ins. Co.</u>, 252 F.3d 1208, 1217 (11th Cir. 2001).  Additionally, the defense is sufficiently pled to place plaintiff on notice of the defense.  The motion to strike will be denied.

**Fifth Affirmative Defense:**

The fifth defense is that the claims are barred by estoppel and/or estoppel by silence for failure to object to the method of payment, request additional payment, or report hours worked over the 40 hours in a workweek.  Although the doctrine of estoppel is recognized in some narrow circumstances, see <u>Groves v. Dury, M.D., P.A.</u>, 2:06-cv-338-FTM-99SPC, 2006 WL 2556944, at **1-2 (M.D. Fla. Sept. 1, 2006), defendants have not pled any such circumstances in this case.  The motion to strike is granted and the Fifth Affirmative Defense is stricken.

**Sixth Affirmative Defense:**

The sixth defense is that of unclean hands, also based on plaintiff's failure to object to the method of payment, request additional payment, or report hours worked over the 40 hours in a workweek.  To assert a defense of unclean hands, defendants must demonstrate that plaintiff's wrongdoing was directly related to the

claim asserted in the Complaint.  <u>Calloway v. Partners Nat'l Health Plans</u>, 986 F.2d 446, 451 (11th Cir. 1993)(citing <u>Keystone Driller Co. v. General Excavator Co.</u>, 290 U.S. 240, 245 (1933)).  Plaintiff argues that the defense should be stricken because the lawsuit serves an important public purpose.  The Court rejects this argument for the reasons stated in <u>McGlothan v. Walmart Stores, Inc.</u>, 6:06-cv-94-Orl-28JGG, 2006 WL 1679592, at *2-3 (M.D. Fla. June 14, 2006).  The motion to strike is denied.

**Seventh Affirmative Defense:**

The seventh defense is that plaintiff's claims are barred by the doctrines of waiver and/or laches for the same reasons expressed as to the Fifth and Sixth Affirmative Defenses.  The defense of laches does not apply to the FLSA, and plaintiff cannot waive his rights under the FLSA.  See <u>Groves v. Dury, M.D., P.A.</u>, 2:06-cv-338-FTM-99SPC, 2006 WL 2556944, at *1, 2 (M.D. Fla. Sept. 1, 2006).  Therefore, the motion is granted and the Seventh Affirmative Defense is stricken.

**Eighth Affirmative Defense:**

The eighth defense states that plaintiff has failed to mitigate their damages. In <u>King v. ITT Educ. Servs., Inc.</u>, it was noted that several courts in this circuit have found that mitigation is not a recognized defense under the Fair Labor Standards Act.  <u>King v. ITT Educ. Servs., Inc.</u>, 3:09-cv-848-J-32MCR, 2009 WL 3583881 (M.D. Fla. Oct. 2009)(citing <u>Morrison v.</u>

Executive Aircraft Refinishing, Inc., 434 F. Supp.2d 1314 (S.D. Fla. 2005); Perez-Nunez v. N. Broward Hosp. Dist., 2009 U.S. Dist. LEXIS 25557, 2009 WL 723873 (S.D. Fla. Mar. 13, 2009); Gonzalez v. Spears Holdings, Inc., 2009 U.S. Dist. LEXIS 72734, 2009 WL 2391233 (S.D. Fla. July 31, 2009)). Defendants differentiates the defense, as pled, from the scenario presented by Morrison[1] specifically because defendants' "defense is based more generally on the failure of Plaintiff. . . to take the necessary action . . . to reduce or otherwise eliminate any damages." (Doc. #18, p. 8; Doc. #28, p. 8.) As pled however, the defense is vague and fails to overcome the general consensus that the defense does not apply to the Fair Labor Standards Act. The motion is granted and the Eighth Affirmative Defense is stricken.

**Ninth Affirmative Defense:**

The ninth defense is that the liquidated damages should be barred or reduced because defendants acted in good faith. Without a factual basis for reliance, see, e.g., Zegers v. Countrywide Mortgage Ventures, LLC, 6:07-cv-1893-Orl-22DAB, 2008 WL 728482, at *2 (M.D. Fla. Mar. 17, 2008), the defense is vague and insufficiently pled for purposes of FED. R. CIV. P. 8. The motion to strike will be granted without prejudice to amend.

---

[1] In Morrison, the Court found that "it would seem to contradict the purposes of the FLSA if an employee were required, after working overtime hours, to secure alternative employment to mitigate his damages." 434 F. Supp.2d at 1319.

**Claim for Attorney's Fees:**

Plaintiff seeks to strike the request for attorney's fees in the Wherefore clause (Doc. #15, p. 8; Doc. #20, p. 8) because the FLSA does not provide for the recovery of attorney's fees by a defendant. As such a claim can only be on the basis of bad faith, not under the FLSA, the motion will be granted. The Court finds that defendants need not reserve such a right if it is later determined that plaintiff indeed acted in bad faith or vexatiously.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Strike Defendant Schear Corporation's Affirmative Defenses (Doc. #16) is **GRANTED IN PART AND DENIED IN PART** as provided above.

2. Plaintiff's Motion to Strike Defendant Jeffery G. Walls' Affirmative Defenses (Doc. #24) is **GRANTED IN PART AND DENIED IN PART** as provided above.

**DONE AND ORDERED** at Fort Myers, Florida, this \_\_10th\_\_ day of May, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record