```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VICTOR PERALES, on behalf of himself
and those similarly situated, and
opt-in plaintiffs DANIEL ROMAN,
RAFAEL GONZALEZ, BALTAZAR BACA,
JESUS RAMIREZ LOPEZ, MAURICIO RAMOS-
HERNANDEZ, PABLO RODRIGUEZ FLORES,
DAVID GALVAN,

                Plaintiffs,

vs.                        Case No. 2:09-cv-669-FtM-29DNF

SCHEAR CORPORATION, a Florida
corporation, JEFFERY G. WALLS,
individually,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff Victor Perales' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #61). Defendants filed a Memorandum of Law in Opposition (Doc. #66), and plaintiff filed a Notice of Filing Supplemental Authority in Support (Doc. #67).

**I.**

On October 8, 2009, plaintiff Victor Perales (Perales or plaintiff) filed a Complaint (Doc. #1), on his own behalf and others similarly situated, against Schear Corporation (Schear) and Jason Walls seeking relief under the Fair Labor Standards Act (FLSA) for recovery of overtime wages and unpaid minimum wages. On

December 7, 2009, plaintiff filed an Amended Complaint (Doc. #14) naming Schear and Jeffery G. Walls, seeking the same relief. Additional plaintiffs thereafter filed Consents to Join (Docs. ## 22, 23, 27, 36, 37, 38, 41) the collective action.

Perales alleges that Schear is a Florida corporation conducting business in Florida, and Jeffery G. Walls is an individual who owns and operates Schear with authority over employees and control over Schear's finances. On or about January 1998, defendants hired Perales as a supervisor, and plaintiff regularly worked in excess of 40 hours in a given workweek. From at least January 1998 through April 2008, defendants did not compensate Perales at a rate of one and one-half times his regular pay for the hours worked in excess of 40 hours in a workweek. Plaintiff alleges willful and/or reckless disregard and seeks unpaid overtime compensation, liquidated damages and attorney's fees. Plaintiff further alleges that defendants intentionally provided compensation for fewer hours than employees actually worked, and that hours were not properly credited. Plaintiff also seeks recovery of minimum wages for one or more weeks for which he was not compensated.

## II.

An action to recover unpaid overtime compensation under the Fair Labor Standards Act may be maintained "by any one or more employees for and in behalf of himself or themselves and other

employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

The Eleventh Circuit has sanctioned a two-tiered procedure for certifying such collective actions:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003)(quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).  At the notice stage, the Court applies the two-prong test set forth in Dybach v. Fla. Dep't of

Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991), satisfying itself that there are other employees who desire to opt in and who are similarly situated with respect to job requirements and pay provisions.  The named plaintiff must show a "reasonable basis" for his claim that there are other similarly situated employees. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008)(citations omitted).  To demonstrate other "similarly situated" employees requires plaintiff to "show only that their positions are similar, not identical, to the positions held by the putative class members."  Hipp, 252 F.3d at 1217 (quotations and citations omitted).  Factors to consider include whether the plaintiffs all held the same job titles, and whether the plaintiffs worked in different geographical locations.  Hipp, at 1219.  At the first stage, the Court applies a "fairly lenient standard" Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.

### III.

Schear is one of the largest drywall, metal framing, and stucco contractors in Southwest Florida and currently employs over 300 people. (Doc. #61-1, Exh. A.)  The Affidavit of Victor Perales (Doc. #61-2, Exh. B) states that he was employed by Shear and Jeffrey Walls from August 1999, until April 2009, as a laborer, and from September 2008 through April 2009, he was paid on an hourly

basis.  Perales states that he provided construction labor, including hanging drywall, and was paid only "straight time" for his hours.  Perales "personally observed that there were over a hundred of similarly situated 'laborers'" who performed the same or similar duties and worked the same amount of hours.

The Affidavits of David Galvan[1], Rafael Gonzalez, Daniel Roman, Jesus Ramirez Lopez, Baltazar Baca, Mauricio Ramos Hernandez[2], and Pablo Rodriguez Flores all similarly state that they were "laborers" who provided construction labor, including hanging drywall, while working at varying hourly rates, and also "personally observed" over a hundred similarly situated persons.  (Doc. #61-3, Exh. C.)  Rafael Gonzalez, Daniel Roman, Mauricio Ramos Hernandez, and Pablo Rodriguez Flores also include that they were not paid minimum wages for varying periods of time.

The Affidavit of Jeff Walls (Doc. #66-1, Exh. A), the President of Schear, provides that the three divisions--drywall, metal framing, and stucco--each have skilled and unskilled laborers, each with specific job titles and duties.  Job sites are supervised by crew leaders, who generally do not perform manual labor.  Mr. Walls states that Perales was a crew leader within the

---

[1] The Court notes that this Affidavit was never sworn or notarized.

[2] The Court notes that this opt-in plaintiff worked as a laborer over three summers, at least one of which would be outside the statute of limitations.

stucco division and supervised stucco plasterers. For some period, Perales was also a stucco plasterer, but at no time did he ever hang drywall or perform tasks within the drywall division. Additionally, none of the opt-in plaintiffs were employed by the drywall division. Walls states that each division uses a different compensation system depending on the type of work. Defendants also submitted the Affidavits of Jose Garcia (Doc. #66-2, Exh. B) and Benjamin Garcia (Doc. #66-3, Exh. C), current employees who state that they are laborers who have been compensated for all hours worked, including overtime hours.

Without reaching conclusions regarding the factual disputes raised by Perales' and Walls' Affidavits, the Court notes that both the operative pleading and the sworn and notarized Court's Interrogatories to Plaintiff (Doc. #25-1) state that plaintiff was a supervisor or supervisor/crew leader, not a "laborer." These documents are inconsistent with Perales' own Affidavit. Additionally, none of the opt-in plaintiffs or other "laborers" are "similarly situated" to Perales because they were not supervisors or crew leaders. The Court finds that Perales has not demonstrated that the opt-in plaintiffs or other former employees who may opt-in are similarly situated to him. Perales seeks to encompass all hourly employees who were "laborers" employed by Schear within the applicable 3 year period without defining "laborers" in the proposed Notice (Doc. #61-4) or specifying whether any division

other than the stucco division would be encompassed in the proposed class.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (Doc. #61) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of March, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record