UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**VICTOR PERALES, on behalf of himself
and those similarly situated,**

                    **Plaintiff,**

-vs-                                                Case No. 2:09-cv-669-FtM-29DNF

**SCHEAR CORPORATION, a Florida
corporation, JEFFERY G. WALLS,
individually,**

                      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion for Approval of Settlement Agreement (Doc. 96) filed on October 12, 2011. The Plaintiff, Victor Perales and Opt-In Plaintiffs, Baltazar Baca, Jesus Lopez, Mauricio Hernandez, Pablo Flores, David Galvan, Rafael Gonzalez, and Daniel Roman and the Defendants, Schear Corporation and Jeffery G. Walls are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is

brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff and Opt-In Plaintiffs worked for the Defendants as a crew leader and laborers. The Plaintiffs were represented by counsel throughout this litigation. There are disputed issues of fact and law as to the Plaintiffs' alleged claims against the Defendants. Although the parties assert in their Joint Motion that the Plaintiff and Opt-In Plaintiffs have been "fully compensated for all unpaid minimum wages and overtime wages owed" and believe that the Court can "simply deem the claims to be resolved in full and dismiss same," based upon the Answers to Court's Interrogatories by the Plaintiff and Opt-In Plaintiffs, they did not receive full compensation without compromise, and the Court will review the Settlement Agreement and Full and Final Mutual Release of All Claims (Doc. 96-1).

The following is a chart of the amount requested by the Plaintiff and Opt-In Plaintiffs and the amount of the settlement:

| Plaintiff or Opt-In Plaintiff | Requested Unliquidated Amount | Requested Liquidated Amount | Agreed Amount of Settlement |
|---|---|---|---|
| Victor Perales | $66,375.00 | $132,750.00 | $10,000.00 |
| Baltazar Baca | $1,383.50 | $2,767.00 | $3,553.57 |
| Jesus Lopez | $6,600.00 | $13,200.00 | $1,978.57 |
| Mauricio Hernandez | $9,400 | $18,800.00 | $5,403.57 |
| Pablo Flores | $,3643.20 | $7,286.40 | $5,903.57 |
| David Galvan | $5,100.00 | $10,200.00 | $6,153.58 |
| Rafael Gonzalez | $1,212.50 | $2,425.00 | $3,203.57 |
| Daniel Roman | $1,518,75 | $3,037.50 | $3,803.57 |
| **Total** | | | $40,000.00 |

The Plaintiff and Opt-In Plaintiffs assert that they have been fully compensated for all unpaid minimum wages and overtime wages owed. Based upon a review of the file, the Court finds the settlement to be a fair and reasonable resolution of the dispute.

The parties also agreed to a reasonable attorney's fee for the Plaintiffs' counsel. The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to the Plaintiffs. (Doc. 96, p. 6). Counsel will receive $25,000.00 for fees and costs. (See, Joint Motion for Approval of Settlement Agreement (Doc. 96, p. 4). Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when the parties represent that the plaintiff's attorneys' fees were agreed upon separately and without regard to the amount paid to the plaintiff, "then unless the settlement does not appear reasonable on its face or there is a reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to

be paid to plaintiff's counsel." In the instant case, the parties informed the Court that the Plaintiff's attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiff. The Settlement Agreement appears reasonable on its face, and there is no indication that the Plaintiffs' recovery was adversely affected by the amount of fees. Therefore, the Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement (Doc.96) be granted and the Settlement Agreement (Doc. 96-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this   14th   day of October, 2011.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record